UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES N. WATSON, JR., | ) | CASE NO. 4:07 CV 2218 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FEDERAL BUREAU OF PRISONS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

      On July 24, 2007, pro se plaintiff Charles N. Watson, Jr. filed this Bivens[1] action against the Federal Bureau of Prisons ("BOP"), the Elkton Federal Correctional Institution ("FCI-Elkton"), BOP Director G. Scott Dodrill, BOP Regional Counsel Henry J. Sadowski, former FCI-Elkton Warden Thomas Sniezek, and former Special Investigation Services ("SIS") Lieutenant Timothy Montgomery. He filed an Amended Complaint on September 6, 2007. Mr. Watson alleges that the defendants did not comply with several BOP regulations when they placed him in administrative detention. He also seeks monetary damages.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

## Background

On September 14, 2005, Mr. Watson, an inmate at FCI-Elkton, was served with an incident report charging him with Insolence to a Staff Member. The SIS Lieutenant, Timothy Montgomery, provided him with an Administrative Detention Order which informed him he would be housed in the segregation unit until the charges were resolved. That same day, Mr. Watson was informed that he was also being investigated for operating a gambling ring within the prison. He states he was not handed a separate detention order for the gambling charge. Mr. Watson asserts that BOP Program Statement No. 5270.07 requires that he be served with a copy of the detention order which details the reasons the placement. He claims that such notice must be delivered within 24 hours of the placement.

Mr. Watson contends that although the insolence charge was eventually resolved and the penalty served, he still remained in administrative detention pending the outcome of the gambling investigation. He claims he spent a total of sixty days in segregation. He states that he filed grievances which notified prison and BOP authorities that he had not been properly served with a second detention order. While the officials acknowledged the oversight, he was not released from segregation. Mr. Watson claims the failure to serve him with the second detention order denied him procedural due process and amounted to cruel and unusual punishment.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

## I. Due Process

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." It does not prohibit every deprivation by the state of a person's life, liberty or property. Harris v. City of Akron, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. Id.

A procedural due process claim must rest upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding, however, does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Discipline by prison officials in response to a wide range of misconduct generally falls within the expected parameters of a court-imposed sentence. Sandin, 515 U.S. at 483. Mr. Watson

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

does not allege any facts which reasonably indicate that the sixty days he spent in administrative detention imposed an atypical and significant hardship on him in relation to prison life.

Mr. Watson appears to base his claim on the wording of BOP Policy Statement to establish a constitutionally enforceable right. This argument is without merit. The prison's failure to follow their own institutional guidelines as to the form of notice of a disciplinary hearing, standing alone, does not implicate due process. A prison "cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every...rule, and would not be administrable." Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir.1993). As there is no abstract due process right to due process. Olim v. Wakinekona, 461 U.S. 238, 250 (1983).

## II. Eighth Amendment

Mr. Watson also fails to state a claim for relief under the Eighth Amendment. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); see also Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. Hudson, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Neither his placement in segregation, nor the failure to give him a second detention notice, standing alone, constitute cruel and unusual punishment. He has not alleged that the conditions under which he was held deprived him of some element of civilized human existence. There is no allegation in either

pleading that suggests a condition which triggers Eighth Amendment scrutiny.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 10/31/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE